**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-40804
_____


ERIC ANTONIO HOWARD,

Plaintiff-Appellant,

VERSUS


KENNETH SPARKS, ET. AL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(5:94-CV-69)
_____

December 10, 1996

Before GARWOOD, DAVIS, STEWART, Circuit Judges.

DAVIS, Circuit Judge:[1]

Appellant, Eric Antonio Howard, an inmate in the custody of the Texas Department of Criminal Justice, challenges the dismissal of his § 1983 action pursuant to 28 U.S.C. § 1915. We affirm.

I.

In March of 1994, Howard wrote three letters from his unit at the Texas Department of Criminal Justice to three inmates who were confined in the Titus County Jail. The letters concerned Howard's pending pro se lawsuit against Titus County officials, including

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

appellees Kenneth Sparks, Charles Bailey, Linda Hammond, and Jim Bayuk, for alleged violations during his arrest and confinement at the Titus County jail. Two of these letters were addressed to Titus County inmates who Howard intended to call as witnesses in the action and included questions he intended to ask these witnesses at trial. The third letter was addressed to an inmate Howard was assisting with legal claims and contained advice relating to that inmate's claims. It is undisputed that these letters contained no threats, escape plans, or discussion of criminal activities and posed no danger.

Howard alleges that these letters were seized by officials at the Titus County Jail, photocopied, and mailed to appellee Kenneth Sparks, a defendant in the pending civil action. Sparks confirmed that the three letters were provided to his attorneys, who ultimately disclosed the letters in the pending action pursuant to the Civil Justice and Expense Delay Reduction Plan of the United States District Court for the Eastern District of Texas.

Howard contends that his First and Fourteenth Amendment rights of free speech and access to the courts were violated when appellees seized, photocopied, and distributed to opposing counsel the letters he wrote to his potential witness. The district court adopted the report and recommendation of the magistrate judge, which determined that Howard failed to assert a violation of a recognized constitutional right and failed to demonstrate any harm resulting from the treatment of his mail. Accordingly, the district court granted summary judgment in favor of appellees.

2

We review the district court's grant of summary judgment *de novo*. Brewer v. Williams, 3 F.3d 816, 819 (5th Cir. 1993), *cert. denied* 114 S.Ct. 1081 (1994). A party seeking summary judgment bears the initial burden of identifying those portions of the record, including any affidavits, that demonstrate the absence of a genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. Id. at 324-25. The non-movant may not rest on mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. Anderson v. Liberty Lobby, 477 U.S. 242, 256 (1986).

In response to Howard's allegations, appellee Rex Mars, the head jailer at the Titus County Jail, certified by affidavit that no official at the jail searched, seized, and/or photocopied the letters in question. Furthermore, Mars added that, as head jailer, he oversaw distribution of all mail at the jail and "would have knowledge if this in fact had been done." Likewise, appellee Kenneth Sparks certified that he had "no personal knowledge of the circumstances under which the letters were obtained" and "played no role . . . in the alleged seizure." Mars' affidavit placed the ball squarely in Howard's court to come forward with evidence establishing that appellees participated in coyping and distributing the letters, the factual basis for Howard's suit. *See*

3

<u>Woods v. Edwards</u>, 51 F.3d 577, 583 (5th Cir. 1995) (citing <u>Lozano</u> <u>v. Smith</u>, 718 F.2d 756, 768 (5th Cir. 1983)). Howard failed to meet this burden. While it is clear that someone copied the letters in question, Howard has not carried his burden of establishing that appellees participated in these acts. Howard's only evidence linking appellees to this conduct is his statement that he has a witness, Larry Elliot, that saw three of the appellees "hold, possess, and read" the letters. However, Larry Elliot's affidavit makes no specific allegations concerning any of the appellees. Rather, he merely states that he witnessed "several incidents" related to the case, but "reserve[s] disclosure of these issues until such time as proper."" These statements are inadequate to raise a genuine issue of material fact that appellees participated in the complained of conduct.[2]

### III.

Howard has failed to satisfy his summary judgment burden of showing that appellees participated in copying and distributing his letters. Accordingly, the district court's order granting summary judgment in favor of appellees is affirmed.

AFFIRMED.

---

[2] Because the summary judgment evidence does not establish that appellees participated in the complained of conduct, we need not decide whether that conduct would violate a right secured to Howard under the Constitution.

4